IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD ALLEN SMITH, JR.,

    Petitioner,

v.                                CIVIL ACTION NO. 2:06CV88
                                  CRIMINAL ACTION NO. 2:00CR7-01
                                      (JUDGE STAMP)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2255
## ON INITIAL SCREENING THAT MOTION BE DISMISSED

### I. PROCEDURAL HISTORY

On September 5, 2006, the pro se petitioner, Richard Allen Smith, Jr., ["Petitioner"], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The respondent was not ordered to answer the motion. On October 16, 2006, Petitioner filed a Motion to Compel the Government to File a Response to the 28 U.S.C. § 2255 motion filed on September 5, 2006.[2]

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

---

[1] Doc. No. 1047.

[2] Doc. No. 1051.

## II. FACTS

**A.     Conviction**

On May 11, 2001, the petitioner was found guilty by a jury for the Northern District of West Virginia of the following 8 counts: conspiracy to distribute crack cocaine (Count 1s); knowing possession of a firearm by a convicted felon (Counts 5s and 44s); aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a drug trafficking offense (Counts 39s and 46s); distribution of crack cocaine (Counts 40s and 41s); and aiding and abetting the assault, resistance, and impeding an officer (Count 45s).

**B.     Sentencing**

On March 20, 2002, the Court sentenced the petitioner to 262 months incarceration on Counts 1s, 40s and 41s; 120 months on Counts 5s and 44s; 36 months on Count 45s all to run concurrently; 84 months on Count 39s to run consecutively to the sentences imposed on Counts 1s, 5s, 40s, 41s, 44s, and 45s; and 300 months on Count 46s to run consecutively to the sentences imposed on Counts 39s and all other counts for a total sentence of 646 months imprisonment.

**C.     Appeal**

The petitioner filed an appeal. By decision dated November 26, 2002, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence. United States v. Smith, 51 Fed. Appx. 415, 2002 WL 31655170 (4th Cir. 2002). The petitioner then filed a petition for writ of certiorari with the United States Supreme Court. The petition was denied on October 6, 2003.

**D.     Federal Habeas Corpus**

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 on August 2, 2004. The motion was denied on May 19, 2005. Petitioner did not appeal.[3]

On September 5, 2006, Petitioner filed a second Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.

**E.     Recommendation**.

Based upon a review of the record, I recommend that petitioner's § 2255 motion be denied and dismissed from the docket for lack of jurisdiction because it is a second or successive motion.

### III. ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion

---

[3] On November 2, 2006, the Court granted petitioner fourteen days from the entry of the order to appeal the Court's Memorandum Opinion and Order Affirming and Adopting the Magistrate Judge's Report and Recommendation, entered on May 19, 2005, which denied petitioner's motion under 28 U.S.C. § 2255 (Doc. No. 1053).

was considered on the merits. The petitioner's current § 2255 motion challenges the same sentence as was challenged in his first § 2255 motion. Thus, the undersigned finds that the current § 2255 motion is a successive motion.

However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Thus, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, I recommend that Petitioner's § 2255 motion be denied with prejudice for lack of jurisdiction and his Motion to Compel the Government to File a Response be DENIED AS MOOT.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order DENYING WITH PREJUDICE Petitioner's motion and dismissing the case from the docket for lack of jurisdiction because his motion is a successive motion and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., Untied States District

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[4]

The Clerk of Court is directed to mail a copy of this Recommendation to all parties of record.

DATED: January 10, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).