IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD ALLEN SMITH, JR.,

    Petitioner,

v.                                      Civil Action No. 2:06CV88
                                          (Criminal Action No. 2:00CR7-01)
UNITED STATES OF AMERICA,                   (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Pro se petitioner, Richard Allen Smith, Jr., was sentenced to 646 months imprisonment following his conviction for one count of conspiracy to distribute a controlled substance, two counts for being a convicted felon in possession of a firearm, two counts of aiding and abetting the use, carrying or brandishing of a firearm in relation to a drug trafficking offense, two counts of distributing crack cocaine and one count of aiding and abetting in assaulting, resisting or impeding an officer. The petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed his conviction and sentence. The petitioner then filed a petition for a writ of certiorari which the United States Supreme Court subsequently denied.

On August 2, 2004, the petitioner filed his first motion to vacate, set aside, or correct sentence by a person in federal

custody pursuant to 28 U.S.C. § 2255. The motion was denied by this Court on May 19, 2005. The petitioner did not appeal the denial of his habeas corpus motion.

On September 5, 2006, the petitioner filed the instant motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255. On October 16, 2006, the petitioner filed a motion to compel the government to file a response to the 28 U.S.C. § 2255 motion. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15.

Magistrate Judge Seibert filed a report recommending that the petitioner's § 2255 motion be dismissed for lack of jurisdiction and that the petitioner's motion to compel be denied as moot. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

2

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

Title 28, United States Code, Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. A § 2255 petition is successive when the first petition was dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002).

In this case, the petitioner's first § 2255 motion was considered on the merits. The petitioner's current § 2255 motion challenges the same sentence that was challenged in his first § 2255 motion. Thus, the magistrate judge found that the petitioner's current motion is a successive petition and that the petitioner did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255

motion in this Court. Accordingly, the magistrate judge recommended that the petitioner's pending § 2255 motion be denied with prejudice.

The petitioner objects that <u>In re Taylor</u>, 171 F.3d 185 (4th Cir. 1999) and <u>In re Cabey</u>, 429 F.3d 93 (4th Cir. Nov. 15, 2005)(withdrawn from bound volume because rehearing granted), permit this Court to exercise jurisdiction in this case. The petitioner argues that the issues raised in his current petition did not exist at the time that he filed his initial petition. Additionally, the petitioner objects that the magistrate judge applied the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in a manner contrary to the United States Supreme Court's decisions in <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), and <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998), because the petitioner contends that the record does not show that his initial § 2255 petition was denied on the merits.

The petitioner's objections are without merit. First, neither <u>Taylor</u> nor <u>Cabey</u> is controlling in this case. In <u>Taylor</u>, the Court held that the petitioner's § 2255 motion was not "second or successive" within the meaning of the AEDPA because the petitioner sought to raise only issues that originated at the time of his resentencing after his first § 2255 had been granted. This case is distinguishable. Unlike the petitioner in <u>Taylor</u>, petitioner Smith was not successful on his initial § 2255 motion, was not

4

resentenced, and does not seek to raise issues unrelated to those raised in his initial § 2255 motion.  Additionally, <u>Cabey</u> is without precedential value because it has been withdrawn from the bound volume.

Second, the Supreme Court's decisions in <u>Slack</u> and <u>Stewart</u> do not support the petitioner's argument that his instant § 2255 petition is not successive.  Both cases provide that in order for a petition to be considered "second or successive" the claims presented in the initial petition must have been adjudicated on the merits.  On May 19, 2005, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge regarding the petitioner's first § 2255 motion which was filed on August 2, 2004.  In that opinion, the undersigned conducted a <u>de novo</u> review of the magistrate judge's recommendation, and concluded that dismissal on the merits was warranted as to each of the claims raised by the petitioner in his § 2255 motion.  Therefore, the petitioner's first § 2255 motion was adjudicated on the merits.

Because the petitioner did not obtain the appropriate authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition, this Court must dismiss the petitioner's § 2255 petition with prejudice for lack of jurisdiction.

Finally, the petitioner did not object to the magistrate judge's recommendation that his motion to compel be denied as moot. This Court finds no clear error in the recommendation.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's § 2255 motion[1] is DENIED WITH PREJUDICE for lack of jurisdiction and the petitioner's motion to compel[2] is DENIED AS MOOT. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the

---

[1] Doc. No. 1047

[2] Doc. No. 1051

United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED:  December 17, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE